COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAURENCE ABRAMS,

                 Plaintiff,

- against -

KINGSBRIDGE HEIGHTS CARE CENTER, INC.,

                 Defendant.
-----------------------------------------------------------x

No. 08 CV 02148 (JSR)

**AMENDED COMPLAINT**

Jury Trial Demanded

Plaintiff, LAURENCE ABRAMS, by and through his attorneys, complaining of defendant herein, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages based upon the defendant's violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff, LAURENCE ABRAMS ("Abrams"), at all times hereinafter mentioned, was and is a resident of the County of Nassau.

5. Defendant, KINGSBRIDGE HEIGHTS CARE CENTER, INC. ("Kingsbridge"), was and is a corporation organized and existing under the laws of the State of New York, and operates a business located at 3400-26 Cannon Place, Bronx, New York. At this location, Kingsbridge operates a facility known as "Kingsbridge Heights Care and Rehabilitation Center."

## FACTUAL BACKGROUND

6. On or about April 8, 2002, LAURENCE ABRAMS ("Abrams") commenced employment with Kingsbridge Heights Care Center, Inc. ("Kingsbridge") as its Administrator. For the duration of his employment, Abrams worked at the Kingsbridge facility located at 3400-26 Cannon Place, Bronx, New York.

7. Kingsbridge is a licensed nursing home that is owned by an individual named Helen Sieger ("Sieger"). Sieger is also the chief executive and highest-ranking officer within Kingsbridge.

8. On or about September 24, 2002, Abrams elected to participate in a tax deferred retirement savings plan that was offered by Kingsbridge, and organized pursuant to section 401(k) of the Internal Revenue Code ("401(k) Plan" or "Plan" or "account").

9. The foregoing Plan thus qualifies as one that is subject to, and governed by, ERISA.

10. At all relevant times, Kingsbridge was and is the "Plan Administrator" for Abrams' 401(k) Plan. Accordingly, Kingsbridge at all relevant times maintained a fiduciary obligation to administer the Plan on behalf of Abrams' (and in his best interests), and in accordance with all applicable laws, rules and regulations. Prudential Trust Company ("Prudential") was and is the "Plan Trustee" for the Plan.

11. Abrams' 401(k) Plan was (what is commonly referred to as) a "discretionary plan." As such, Kingsbridge would occasionally make discretionary financial contributions into Abrams' 401(k) account. Additionally, Abrams contributed to the account by allowing a percentage of his (pre-tax) wages to be deferred and redirected toward the Plan.

12. Accordingly, Kingsbridge's primary responsibility (in terms of Plan

administration) was to withhold a percentage of plaintiff's pre-tax wages from each pay check, and deposit those funds in an investment account designated by the Plan Trustee. By July 2007, the balance in this account was approximately $35,000.

13.     On or about July 6, 2007, plaintiff provided notice to Sieger of his intent to resign his employment. While Abrams offered to work for another three (3) weeks, on July 11, 2007, Sieger abruptly directed Abrams to leave the premises. Thereafter, Abrams gathered his personal belongings and exited, as instructed.

14.     Shortly after his departure from Kingsbridge, Abrams contacted Prudential to initiate a "rollover" of the Plan proceeds to a new retirement savings plan administered by his new employer, Workmen's Circle Multicare Center. Prudential advised Abrams that before it could release the funds, the Plan Administer was required to sign an acknowledgment form.

15.     Subsequently, plaintiff made a request to Sieger's office wherein he specifically requested that Sieger sign the document needed to complete the rollover. This request was flatly ignored.

16.     After several more unsuccessful attempts to contact Sieger, Abrams was eventually forced to retain an attorney, who submitted to Kingsbridge a written request on Abrams' behalf. This request, dated October 31, 2007, specifically asked Sieger to sign the forms necessary to execute the rollover, and even provided the actual forms for Sieger to sign.

17.     Additionally, in or about November 2007, plaintiff participated in a teleconference with a Kingsbridge employee wherein he (plaintiff) again renewed his request for distribution of the 401(k) proceeds.

18.     Subsequently, on December 5, 2007 – *just weeks after receiving the aforementioned attorney letter and within days of the November 2007 teleconference* – Sieger

and Kingsbridge finally "responded" to plaintiff's verbal and written requests by commencing a legal action in the Supreme Court of the State of New York, County of Nassau, docketed as <u>Kingsbridge Heights Care Center, Inc. v. Laurence Abrams</u> (Index No. 07-021891).

19. This adverse action, taken just *weeks* after the October 31, 2007 letter was sent to Kingsbridge and within *days* of the November 2007 teleconference, represents a reckless and depraved act of reprisal against plaintiff because of his attempt to enforce his legal rights under ERISA.

20. Moreover, despite being provided with a "reasonable time" to review plaintiff's request, defendant continues its obstinate and unlawful refusal to authorize the distribution of plaintiff's vested 401(k) proceeds in the form of a "rollover."

## **CLAIMS FOR RELIEF**

### **AS AND FOR A FIRST CAUSE OF ACTION<br>REFUSAL TO DISTRUBUTE 401(k) PROCEEDS<br>ERISA § 502(a)(3) [29 U.S.C. 1132(a)(3)]**

21. Plaintiff repeats and re-alleges the foregoing as if more fully set forth herein.

22. Despite repeated efforts (outlined above), defendant has and continues to unlawfully refuse to authorize (or even acknowledge) plaintiff's request to distribute the vested proceeds of his 401(k) account.

23. At least ninety (90) days have passed since plaintiff's most recent request for same, which came on October 31, 2007, in the form of his attorney's letter.

24. Defendant never responded to this letter, and thus never provided notification of an adverse determination, or that "special circumstances" existed which necessitated an extension of time to process plaintiff's claim.

25. Accordingly, to the extent any exist, plaintiff has exhausted all administrative

remedies (contained in the Kingsbridge Heights Rehabilitation Care Center, Inc. 401(k) Summary Plan Description) that are a necessary prerequisite to this action.

26.    Defendants actions, as described more thoroughly above, violate ERISA § 502(a)(3) (codified at 29 U.S.C. § 1132(a)(3)), and plaintiff is thus entitled to any and all forms of equitable relief under that section which are needed to eradicate the effects of defendant's unlawful conduct.

### AS AND FOR A SECOND CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION/RETALIATION
### ERISA §§ 502, 510 [29 U.S.C. §§ 1132, 1140]

27.    Plaintiff repeats and re-alleges the foregoing as if more fully set forth herein.

28.    As described more thoroughly above, plaintiff has been unlawfully discriminated and/or retaliated against by defendant for his participation in protected activities, which include his lawful efforts to obtain distribution of the vested proceeds of his 401(k) account. This discrimination and/or retaliation includes, but is not limited to, the commencement of the legal action known as <u>Kingsbridge Heights Care Center, Inc. v. Laurence Abrams</u> (Index No. 07-021891) in the Supreme Court of the State of New York, County of Nassau.

29.    The above-referenced unlawful conduct thus violates ERISA § 510 (codified at 29 U.S.C. § 1140), and plaintiff's claim is herein advanced pursuant to the enforcement mechanism contained in ERISA § 502 (codified at 29 U.S.C. § 1132).

30.  Plaintiff is thus entitled to all permissible forms of damages that are needed to eradicate the effects of defendant's unlawful conduct.

WHEREFORE, for all causes of action listed above, plaintiff demands judgment against the defendant to enjoin its continued, unlawful refusal to distribute the proceeds of his 401(k) account, along with any and all other forms of legal or equitable damages permitted by law (in an amount to be determined by the Court), together with reasonable attorneys' fees and the costs and disbursements of this action, along with any further relief that the Court deems just and proper.  Plaintiff demands a trial by jury.

Dated: Long Beach, New York
       April 24, 2008

> LITTMAN & AGOSTISI, ESQS.
> 1 West Chester Street
> Long Beach, New York 11561
> (516) 431-1000, x-255
>
> _____
> Robert M. Agostisi (RA0071)