UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x     08-CV-02148
LAURENCE ABRAMS,

                    Plaintiff,              **ANSWER & COUNTERCLAIMS**

    -against-

                                                   Jury trial demanded

                                                 (Document Electronically Filed)

KINGSBRIDGE HEIGHTS CARE CENTER, INC.,

                    Defendant.
----------------------------------------------------------------x

       Defendant, KINGSBRIDGE HEIGHTS CARE CENTER, INC., appearing in this lawsuit through its attorney PAUL M. SOD, ESQ., 337R Central Avenue, Lawrence, New York 11559 answers the plaintiff's complaint as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 4, 10, 14 and 17 of plaintiff's complaint and refers all questions of law to the court.

       2.     Denies the allegations contained in paragraphs 9, 16, 24, 25, 26, 28, 29 and 30 of plaintiff's complaint and refers all questions of law to the court.

       3.     Denies the allegations of paragraphs 15, 19 and 21 of plaintiff's complaint.

       4.     Denies the allegations of paragraph 11 of the plaintiff's complaint and refers all questions of law to the court, but alleges that the portions of Abram's 401 (k) plan were contributed by defendant and portions were contributed by plaintiff.

       5.     Admits the allegations contained in paragraph 12 of the plaintiff's complaint but denies the allegations of Kingsbridge's responsibility while referring said allegations to the court for its respectful interpretation.

6. Admits the allegations contained in paragraph 13 of plaintiff's complaint but denies that "Sieger abruptly directed Abrams to leave the premises."

7. Denies the allegations of paragraph 18 of plaintiff's complaint, but admit that in early December, 2007, the said Nassau County Supreme Court action was in fact commenced.

8. Denies the allegations of paragraph 23 of the plaintiff's complaint, but admit that the lawsuit was filed more than 90 days after October 31, 2007.

9. Repeats, reiterates and realleges each and every response heretofore submitted in opposition to the allegations of plaintiff's complaint which were incorporated by reference in paragraphs 21 and 27.

## DEFENDANT'S COUNTERCLAIMS

## JURISDICTION AND VENUE

10. Defendants submit their counterclaims for monetary damages and injunctive relief.

11. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367.

12. Venue is proper pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

13. That at all times herein mentioned, defendant Kingsbridge Heights Care Center, Inc. ("KBH") was and still is a corporation duly existent pursuant to the laws of the State of New York.

14. KBH is a licensed nursing home which operates a facility located in Bronx County, New York, under the name of "Kingsbridge Heights Care and Rehabilitation Center".

15. Plaintiff Laurence Abrams has at times in the past served as the administrator of said nursing home.

16. The plaintiff possessed a license from the State of New York Department of Health to serve as administrator of the nursing home.

17. That the plaintiff, as such administrator, was required to comply with all laws, rules and regulations applicable to KBH and to assure that KBH complied therewith.

18. As a licensed nursing home administrator, plaintiff himself was required to comply with all laws, rules and regulations applicable to his position as administrator.

19. Further, the plaintiff as an employee and licensed administrator of KBH, had a fiduciary duty to KBH.

20. That plaintiff Abrams, as a licensed administrator, had a fiduciary and/or other heightened legal duty to the residents and patients of KBH's aforementioned nursing home.

21. Further pursuant to plaintiff's licensure as a nursing home administrator, he was required to be aware of and in fact was aware that nursing homes and nursing home administrators are legally required to cooperate with any and all investigations of the New York State Department of Health ("NYSDOH")

22. Further pursuant to plaintiff's licensure as a nursing home administrator, he was required to be aware of and in fact was aware that nursing homes and a nursing home administrators are legally prohibited by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") from not to remove any documents or patient records from a nursing home, which legal requirement arises, inter alia, from.

23. Plaintiff's employment with KBH ceased on or about July 11, 2007.

24. Plaintiff immediately thereafter began working at a nursing home known as "Workmen's Circle Home for Aged" ("Workmen's Circle"), and was hired to work there by its chief executive officer, one Solomon Rutenberg. Rutenberg worked at KBH at the same time as defendant, and Workmen's Circle also currently employs two other former KBH employees who were employed at KBH with defendant at the same time, namely Slavomir Filitzcuk and Magda Urbaniak.

25. Despite leaving his employment with KBH, plaintiff remained obligated to fulfill his legal obligations as imposed on him by the license he has held with the New York State Department of Health.

26. Despite leaving his employment with KBH as aforesaid, he was obligated to fulfill his fiduciary duties to KBH.

27. Despite leaving his employment with KBH as aforesaid, plaintiff was obligated to maintain his fiduciary and/or other legal duties towards the residents and patients of KBH's aforementioned nursing home.

28. Despite leaving his employment with KBH as aforesaid, plaintiff was obligated to comply with any and all investigations the NYSDOH was undertaking with regard to KBH.

29. Despite leaving his employment with KBH as aforesaid, plaintiff was required to comply with all applicable legal duties, including those imposed by HIPAA.

30. In violation of law, plaintiff before and after his leaving his employment with KBH as aforesaid, removed certain patient records and files.

31. That at all times relevant herein, the NYSDOH was conducting an investigation into a complaint filed by a KBH resident, whose shall be referred to herein as "G.Z.", and as part of

NYSDOH's investigation, it requested that KBH produce all correspondence between any KBH employee and G.Z.

33. Plaintiff, when he was KBH's administrator wrote at least one letter to the family of G.Z.

33. Plaintiff has removed the letter he wrote to the family of G.Z. from KBH in violation of HIPAA and other provisions of law, including but not limited to NYCRR Title 10, Part 415.3, 45 CFR 153-156 and 45 CFR 164.

34. Specific demand was made of plaintiff to return the letter he wrote concerning the G.Z. investigation. Plaintiff refused to do so and further threatened that he would never do so unless and until he, Solomon Rutenberg and Slavomir Filitczuk got paid "a lot of money."

35. Upon information and belief, plaintiff has removed other documents which are patient records that KBH is legally required to maintain in its facility, although KBH cannot state with specificity at this moment precisely which documents defendant has removed.

36. KBH at all times relevant has a legal duty pursuant to 10 NYCRR §793.7(a)(3)(iv) to store and preserve the personnel records of all of its current and former employees for a minimum of six years after termination of employment, of which defendant was aware.

37. After ceasing his employment with KBH, plaintiff entered KBH's premises and in violation of law removed the personnel files of former KBH employees, including but not limited to Solomon Rutenberg, Slavomir Filitzcuk and Magda Urbaniak, all of whom are now co-employees of defendant presently at Workmen's Circle, as alleged hereinabove.

38. In removing KBH personnel and patient records, plaintiff violated all laws, regulations and regulations applicable to his position as administrator.

39. As a result of plaintiff's removal of patient files and personnel records of KBH employees, plaintiff may have caused KBH to be out of compliance with its legal obligations as a licensed nursing home within the State of New York.

40. Plaintiff has refused to return any of the patient records he has removed despite due and proper demand thereof and retains them in violation of law.

41. Plaintiff Abrams has refused to return the employee personnel files despite due and proper demand thereof, and/or has imposed unreasonable, unlawful and illegal conditions on the return thereof, all in violation of applicable law.

42. Plaintiff has exerted dominion and control over all of the aforesaid documents and records, to the exclusion of KBH and/or any other lawful owner thereof.

## AS AND FOR A FIRST COUNTER-CLAIM

43. Defendant repeats and reiterates each and every allegation of this complaint as if fully set forth at length herein.

44. Defendant demands a judgment from this court directing the defendant to return all KBH patient records and personnel files which he has converted to his own use and possession and refuses to return despite due demand therefor.

45. Defendant has no adequate remedy at law.

## AS AND FOR A SECOND COUNTER-CLAIM

46. Defendant repeats and reiterates each and every allegation of this complaint as if fully set forth at length herein.

47. Defendant demands a judgment in the amount of ONE MILLION ($1,000,000) DOLLARS to compensate the defendant for the losses incurred as a result of the plaintiff's

wrongfully converting patient records and personnel files, including but not limited to costs in recreating the converted files.

## AS AND FOR A THIRD COUNTER-CLAIM

48. Defendant repeats and reiterates each and every allegation of this complaint as if fully set forth at length herein.

49. As a result of the plaintiff's knowingly wrongfully removing and retaining KBH patient records, including but not limited to the letter he wrote as KBH administrator to the family of G.Z., plaintiff may have caused KBH to be out of compliance with its legal obligations as a nursing home in New York State.

50. Plaintiff's action may lead to action against KBH's license by the NYSDOH, such as citation or other punishment or fine.

51. Defendant thus demands a judgment from the plaintiff in the amount of TWELVE MILLION ($12,000,000) DOLLARS for damage to KBH and its license as a result of the plaintiff's actions.

## AS AND FOR A FOURTH COUNTER-CLAIM

52. Defendant repeats and reiterates each and every allegation of this Answer as if fully set forth at length herein.

53. Defendant hereby asserts a private cause of action against the plaintiff and demands a judgment in the amount of ONE MILLION ($1,000,000) DOLLARS for his violation of legal duties to the defendant, and demands an award of attorneys' fees, costs and disbursements and damages in an amount to be determined at time of trial.

WHEREFORE, defendant demands judgment against the plaintiff as follows:

A. Dismissing the plaintiff's first cause of action.

  B.  Dismissing the plaintiff's second cause of action.

  C.  On the first counter claim, for a judgment compelling the plaintiff to return the patient records and personnel files removed from defendant's nursing home.

  D.  On the second counter claim, for a monetary judgment in the amount ONE MILLION ($1,000,000) DOLLARS for conversion.

  E.  On the third counter claim, for a monetary judgment in an amount TWELVE MILLION ($12,000,000) DOLLARS to be determined at trial for damages which plaintiff's action will cause to defendant and/or its nursing home.

  F.  On the fourth counter claim, for a monetary judgment in the amount of ONE MILLION ($1,000,000) DOLLARS, plus attorneys' fees, costs and disbursements.

On the third cause of action, for a monetary judgment in an amount TWELVE MILLION ($12,000,000) DOLLARS to be determined at trial for damages which defendant's action will cause to plaintiff and/or its nursing home.

  G.  On the fourth counter claim, for a monetary judgment in the amount of ONE MILLION ($1,000,000) DOLLARS, plus attorneys' fees, costs and disbursements.

  H.  For interest, costs and disbursements of this action and for punitive damages.

Dated: Lawrence, New York
   June 5, 2008

              Yours, etc.,


              __s/ Paul M. Sod_____
              PAUL M. SOD
              Attorney for the defendant
              337 R Central Avenue
              Lawrence, New York 11559
              (516) 295-0707